IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELTON L. PUMPHREY | CASE NUMBER: |
| V. | 0002014519 |
| STATE OF DELAWARE | |

```
FILED

MAY 2 0 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
```

Re-scanned

MEMORANDUM OF LAW IN
SUPPORT OF PETITION UNDER
28 U.S.C. § 2254 FOR WRIT
OF HABEAS CORPUS

THE DEFENDANT, ELTON LEROY Pumphrey,
PETITIONER, Pro se, MOVES This HONORABLE
COURT PURSUANT TO 28 U.S.C. § 2254,
(HABEAS CORPUS) TO rEVErs his CONVICTION
ON THE ChargES OF: CONSPirACY iN THE
SECONd DEgrEE, TiTLE 11, SECTioN 512(1);
THEFT $1,000 or GrEATEr, TiTLE 11, SECTioN
841; FAiLurE To TAKE PhoTogrAphs ANd
FingErPrinTS, TiTLE 11, SECTioN 8522, bAsEd
ON THE CONSTiTuTioNAL VioLATioNS ANd/or
Errors oF LAW AS STATEd iN THE ATTAchEd
PETiTioN For writ oF HAbEAS Corpus.
This is THE DEFENdANT's (PETiTioNEr)

(1)

Memorandum of Law in support of his
request for relief.


GROUND ONE:
Petitioner states that his sixth Amend-
ment right to confront accusatory
witnesses guarteed by the sixth Amend-
ment of the united States constitution
and the Delaware Constitution Article
1 Section 7 were violated during his
Trial.
Supporting Facts:
During Petitioners Trial the state
introduced into evidence out-of-court
statements by the absent witness
(Kovatto), Through the Police officers,
the medical staff and/or Paramedic
and other witnesses (see Trial Transcripts).
In the Judges chambers before Trial, the
Judge Allowed the Prosecuting Attorney
To Prosecute this case without the
Accusatory witness Present and did so
with the understanding that the
Prosecuting attorney would not use
out-of-court statements made by the
accusatory witness, to a Police officer
and Paramedic ect. (see Transcripts of
Judge chambers conversation).

These out-of-court statements were allowed by the trial judge and petitioners counsel who did not object.

The failure to object was critical to petitioners case and the error rendered the trial fundamentally unfair (see trial transcripts).

Petitioner should have been allowed to use the accusatory witnesses statements that he had made under oath at a preliminary hearing (see preliminary hearing transcripts) of which were more reliable than to a police officer and paramedic ect.

Had these errors not occurred it is reasonable to believe that a different outcome would have occurred.

Due to the absence of the accusatory witness at trial, it put the petitioners defense at a actual and substantial disadvantage because petitioner was not allowed to use this witnesses prior statements.

If this witness was present and/or his statements were used at trial by petitioner (see all police reports and preliminary hearing transcripts), the possibility that inconsistencies between the statements and the direct testimony would have

(3)

ENAbled AN EFFECTivE CrossExAmiNATioN
To dEmoNsTrATE ThAT PETiTioNEr is
ACTuAlly iNNocENT.
THE TriAl CourT's Improper AdmissioN
oF EVidENCE (ouT-oF-CourT STATEmENTs
ANd PicTures oF ThE AbsENT wiTNEssEs
INjuries) ViolATEd PETiTioNErs FEdErAl
ANd STATE coNsTiTuTioNAl righT. (SEE
TriAl TrANscripTs)
THE PETiTioNEr mAiNTAiNs ThAT ThE
AdmissioN oF ThE AbsENT wiTNEssEs
PhoTogrAph's ExposEd ThE jury To EVidENcE
which wAs highly PrejudiciAl ANd
iNFlAmATory. DEFENdANT iNsisTs ThAT ANy
ProbATivE VAluE oF Such EVidENcE wAs
ouTweighed by ThE PrejudicE iNVolVEd.
D.R.E. 403.

THE AdmissioN oF TESTimoNy coNcErNiNg ThE
AccusATory wiTNEssE's ouT-oF-CourT STATEmENTs
CoNsTiTuTEd rEVErsiblE Error bEcAusE ThE
EVidENCE did NoT quAliFy For AdmissibiliTy
PursuANT To 11 Del. C. § 3507.
During TriAl, ThE TriAl CourT AdmiTTEd iNTo
EVidENcE ThE Prior ouT-oF-CourT STATEmENTs
mAdE by ThE AbsENT wiTNEss, Through ThE
PolicE oFFicErs ANd PArAmEdic ECT.
(SEE TriAl TrANscripTs)

(4)

THE WITNESS MUST TESTIFY AS TO CONTENTS OF his OUT-OF-COURT STATEMENT TO be Admissible UNDER § 3507. RAY V. STATE, Del. Supr., 587 A.2d 439 (1991).

PETITIONER Argues ThAT The Admission OF These STATEMENTS WAS iN Error bECAUSE SECTioN 3507 requires The STATE To ELiCiT TESTimony From The wiTNESS oN dirECT EXAMiNATioN AS To The CONTENTS oF his ouT-oF-CourT STATEMENTS ANd whETher Those STATEMENTS WErE TruE. SEE JohNSoN V. STATE, DEl. Supr., 338 A.2d 124, 126-27 (1975). (PETiTioNEr WAS dENiEd his righT To coNFroNT his ACCUSEr)

THE coNFroNTATioN CLAUSE oF The siXTh AMENdmENT To The uNiTEd STATES CONSTiTuTioN gives A dEFENdANT The righT To coNFroNT ANd CrossEXAMiNE AdvErsE wiTNESSES. AKiNS V. uNiTEd STATES, 679 A.2d 1017, 1021 (D.C. 1996); RAy V. uNiTEd STATES, 620 A.2d 860, 862 (D.C. 1993).

A DEFENdANT's righT To PrESENT A dEFENSE ANd coNFroNT his or her ACCUSErs CAN bE iMpEdEd NoT oNLy by AN uNduLy rESTriCTivE TimE limiTATioN oN CrossEXAMiNATioN, buT ALSO by The Admission oF iNCorrECTLy — iNTErprETEd wiTNESS TESTimoNy. BASSiL V. uNiTEd STATES, 517 A.2d 714, 716 (D.C. 1986).

(5)

The right To offer The Testimony of
Witnesses ... is in Plain Terms the right
To Present a defense ... This right is A
Fundamental Element of due Process
of Law. "At Times, The right To confrontation
and The right To Present a defense
intersect," Washington V. Texas, 388 U.S. 14,
18, 87 S.Ct. 1920, 1923, 18 L. Ed. 2d 1019 (1967).
This Petitioner was unable To explore with
"Full and Fair" crossExamination at his
Trial.

Petitioner argues that the Trial court
committed reversible errors.

The United States and Delaware Constitutions
Provide in Pertinent Part:
In all criminal Prosecutions, The accused
Shall Enjoy The right ... To be confronted
with witnesses against him .... U.S. Const.
Amend. VI. And In All criminal
Prosecutions, The accused hath a right ...
To meet The witnesses in their Examination
Face To Face .... Del. Const. Art. 1, § 7.

The Defendant Points To The Evidence
at Trial Transcripts with no Exact
Location, at Page or line Paragraph,

(6)

DUE TO THE FACT, THAT THE COURT WOULD
NOT ALLOW THE DEFENDANT TO OBTAIN
THEM. IF THE TRANSCRIPTS ARE NEEDED
AFTER SUCH FILING OF THIS HABEAS CORPUS,
THE COURT SHOULD OBTAIN SUCH, FOR A
DECISION.

AT THIS TIME, SUCH TRANSCRIPTS ARE
VERY MUCH NEEDED AND THE DEFENDANT
REQUESTS THAT THE COURT NOW OBTAIN
THEM.


GROUND TWO:
THE DEFENDANT'S CONVICTION FOR
CONSPIRACY IS INVALID ABSENT A
CONVICTION FOR THE UNDERLYING OVERT
ACT OF ROBBERY.

SUPPORTING FACTS:
DEFENDANT WAS ACQUITTED OF ROBBERY
IN THE FIRST DEGREE AND WAS CONVICTED
OF CONSPIRACY IN THE SECOND DEGREE.

NO OTHER PERSON WAS INDICTED FOR
ROBBERY.

FOR CONVICTION UNDER 11 DEL. C. 512 IT IS

(7)

REQUIRED THAT "THE PERSON OR ANOTHER PERSON WITH WHOM THAT PERSON CONSPIRED COMMITS AN OVERT ACT IN PURSUANCE OF THE CONSPIRACY".

11 DEL. C. 301 (b) PROVIDES IN PERTINENT PART: "NO PERSON MAYBE CONVICTED OF AN OFFENSE UNLESS EACH ELEMENT OF THE OFFENSE IS PROVED BEYOND A REASONABLE DOUBT".

THE JURY ACQUITTED THE DEFENDANT OF ROBBERY IN THE FIRST DEGREE, WHICH WAS THE UNDERLYING OVERT ACT OF THE CONSPIRACY CHARGE. SINCE THE INDICTMENT DID NOT CHARGE THAT A PERSON OTHER THAN THE DEFENDANT COMMITTED THE OVERT ACT, AND THERE WAS NO CONVICTION OF THE DEFENDANT ON THAT CHARGE, THE CONVICTION ON THE CONSPIRACY CHARGE CANNOT STAND. (SEE ATTACHED EXHIBIT Holland V. STATE, DEL. Supr., 744 A.2d 980 (2000).)

BASED ON THE INCONSITANCY OF THE VERDICTS DESCRIBED ABOVE, THE DEFENDANT CONTEND THAT THE CONVICTION FOR CONSPIRACY IN THE SECOND DEGREE IS REVERSABLE ERROR AND, THEREFORE, PETITIONS THE COURT TO reverse THE CONVICTION.

GROUND THREE:
DEFECTIVE AND/OR IMPROPER JURY
INSTRUCTIONS.

SUPPORTING FACTS:
DURING JURY DELIBERATIONS, THE JURY
HAD A QUESTION REGARDING THE CHARGE
OF CONSPIRACY. THE JURY WAS BROUGHT
BACK INTO THE COURTROOM. THE JURY'S
QUESTION WAS, "IF WE FIND MR. PUMPHREY
NOT GUILTY OF ROBBERY, CAN WE FIND
MR. PUMPHREY GUILTY OF CONSPIRACY?
THE JUDGE'S RESPONSE TO THE QUESTION
WAS, "SURE...", ETC. (SEE TRIAL TRANSCRIPT
FOR HIS COMPLETE RESPONSE.)

THE JUDGE'S RESPONSE TO THE QUESTION
WAS IN CONTRADICTION TO THE LAW AS STATED
IN 11 DEL.C. 512. HAVING RECEIVED THIS
ERRONEOUS INSTRUCTION, THE JURY
SUBSEQUENTLY RETURNED A VERDICT OF
"NOT GUILTY" ON THE CHARGE OF ROBBERY
IN THE FIRST DEGREE AND "GUILTY" ON
THE CHARGE OF CONSPIRACY IN THE
SECOND DEGREE.

IN JURY INSTRUCTIONS THE DEFENDANT IS
ENTITLED TO THE CORRECT STATEMENT

OF THE LAW. (MILLER V. STATE, DEl. Supr., 224 A.2d 592 (1966).)

THE Judge's INSTRUCTIONAL ERROR AUTOMATICALLY CONSTITUTES "PLAIN ERROR" REQUIRING REVERSAl OF CONVICTION. (MINOR V. UNITED STATES, 475 A.2d 414, 416 (D.C. 1984).)

THE Judge's ERRONEOUS INSTRUCTION "To THE JURIES QUESTION" REGARDING 11 DEl. C. 512, IN EFFECT, REMOVED THE "OVERT ACT" ELEMENT FROM THE JURY'S CONSIDERATION. IN So DOING, VIOlATEd THE dEFENdANT'S FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS REQUIRING TRIAl by JURY ON EVERY ESSENTIAl ElEMENT OF THE CRIME CHARGEd. (IN RE WINSHIP, 397 U.S. 358, 364 90 S.CT. 1068, 25 L. Ed. 2d 368 (1970); STATE V. DElVECCHIO, 191 CONN. 412, 419, 464 A.2d 813 (1983); STATE V ROQUE, 190 CONN. 143, 157, 460 A.2d 26 (1983).) SUCH VIOlATION REQUIRES REVERSAl OF THE DEFENdANT'S CONVICTION FOR CONSPIRACY IN THE SECOND DEGREE. COUNT (4) ON THE INDICTMENT.

## GROUND FOUR:

THE DEFENDANT ARGUES HE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL.

Supporting Facts:

AS DETAILED IN "GROUND ONE" WHICH PERTAINS TO ACCUSATORY WITNESSES, THE TRIAL JUDGE, IN CHAMBERS, DENIED THE USE OF OUT-OF-COURT STATEMENTS by AN ABSENT WITNESS. NEVERTHELESS, during Trial THE PROSECUTION INTRODUCED INTO EVIDENCE THE OUT-OF-COURT STATEMENTS THROUGH TESTIMONY FROM POLICE, PARAMEDICS, AND MEDICAL STAFF. COUNSEL FAILED TO object TO SUCH TESTIMONY AS bEING INADMISSABLE AND CONTRARY TO THE JUDGES INSTRUCTIONS IN CHAMBER. (SEE TRANSCRIPTS)

AS DETAILED IN "GROUND THREE" WHICH PERTAINS TO IMPROPER JURY INSTRUCTIONS, THE Judge ERRONEOUSLY RESPONDED TO A JURY QUESTION REGARDING CONVICTION ON THE CONSPIRACY CHARGE. AT THE TIME OF THE ERROR, THE DEFENDANT Told COUNSEL TO object. HE REFUSED AND SAID, "IT IS AN APPEAL ISSUE". COUNSEL'S FAILURE TO object TO THE Judges ERRONEOUS Reply TO THE JURY'S QUESTION

AMOUNTED TO INEFFECTIVE ASSISTANCE
OF COUNSEl. (SEE TRANSCRIPTS)

HAD THESE ACTS OF OMMISSION NOT OCCURRED
by COUNSEl, IT IS REASONAble TO belIEVE THAT
THE OUTCOME OF THE TRIAl would hAVE
bEEN DIFFERENT.

THEREFORE, THE DEFENDANT REQUESTS THE
COURT TO REVERSE THE CONVICTION OF
CONSPIRACY IN THE SECOND DEGREE ON THE
bASIS OF VIOlATION OF SIXTH AMENDMENT
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEl.

THE DEFENDANT POINTS TO THE EVIDENCE
IN TRIAl TRANSCRIPTS WITH NO EXACT
LOCATION AT PAGE OR LINE PARAGRAPH.
DUE TO THE FACT, THAT THE COURT would
NOT Allow THE DEFENDANT TO obTAIN
THEM. IF THE TRANSCRIPTS ARE NEEDED
AFTER SUCH FILING OF THIS HAbEAS CORPUS,
THE COURT SHOULD obTAIN SUCH, FOR A
DECISION.

AT THIS TIME, SUCH TRANSCRIPTS ARE VERY
MUCH NEEDED AND THE DEFENDANT RESPECT-
FULLY REQUEST THAT THE COURT NOW
obTAINS THEM.

DEFENDANT'S MOTION IS BASED UPON
ERRORS OF LAW, CONSTITUTIONAL VIOLATIONS
AND INEFFECTIVE ASSISTANCE OF COUNSEL,
WHEREIN HE MAINTAINS THAT HE HAD
BEEN DEPRIVED OF SUBSTANTIAL AND
MATERIAL CONSTITUTIONAL RIGHTS. THESE
DEPRIVATIONS DESTROYED DEFENDANT'S
ABILITY TO RECEIVE A FAIR TRIAL.

DEFENDANT ASKS THIS HONORABLE COURT
TO HOLD A EVIDENTARY HEARING TO FAIRLY
MAKE A RULING OF THE ARGUMENTS AT
HAND.

THE LOWER COURTS DETERMINATION
WAS OBJECTIVELY UNREASONABLE
AND A VIOLATION OF FEDERAL
LAW.
AS A RESULT THIS COURT SHOULD
GRANT ME RELIEF.

SUPERIOR COURT
OF THE
STATE OF DELAWARE

E. SCOTT BRADLEY
JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5256

October 17, 2006

Elton L. Pumphrey
SBI No. 00185250
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Submitted
7-18-05

INCorrect Date

RE: **State of Delaware v. Elton L. Pumphrey**
     **Cr.A. No. 00-04-0160 - Theft**
     **Cr.A. No. 00-04-0161 - Conspiracy in the Second Degree**
     **Cr.A. No. 00-04-0162 - Failure to take Photographs and Fingerprints**
     **Def. ID No. 00020114519**

Date Submitted: July 1, 2006

Dear Mr. Pumphrey:

Your motion for postconviction relief is denied. According to Superior Court Criminal Rule 61 (a)(1), a motion for postconviction relief may be brought only by "a person in custody or subject to future custody under a sentence of this court" being challenged.[1] After I found you in violation of your probation on the above-referenced charges on November 8, 2002, I sentenced you to four years at Supervision Level V with no probation to follow. You were released on April 14, 2006. Thus, you are no longer in custody or subject to future custody under the sentencing order dated November 8, 2002.[2] Therefore, you do not have standing to pursue your claim under Superior Court Criminal Rule 61.

Very truly yours,

E. Scott Bradley

cc: Prothonotary's Office
    Thomas D. H. Barnett, Esquire
    Department of Justice

---

[1]*See Epperson v. State*, 829 A.2d 935 (Table), 2003 WL 21692751 (Del. Supr.); *Summers v. State*, 818 A.2d 971 (Table), 2003 WL 1524104 (Del. Supr.); *Fullman v. State*, 746 A.2d 276 (Table), 2000 WL 140114 (Del. Supr.); *Guinn v. State*, 625 A.2d 279 (Table), 1993 WL 144874 (Del. Supr.); *Petsinger v. State*, 2002 WL 1558835 (Del. Super.); *State v. Beles*, 1997 WL 366899 (Del. Super.).

[2]Elton L. Pumphrey is now incarcerated and awaiting trial on charges that allegedly occurred on July 22, 2006.

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELTON L. PUMPHREY, | § | |
| | § | |
| Defendant Below- | § | No. 580, 2006 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 0002014519 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  August 10, 2007
Decided:  October 23, 2007

Before **HOLLAND**, **BERGER**, and **JACOBS**, Justices.

### O R D E R

This 23rd day of October 2007, after careful consideration of the

parties' briefs and record on appeal, we find it manifest that the judgment

below should be affirmed on the basis of the Superior Court's well-reasoned

decision dated October 17, 2006. The Superior Court did not err in

concluding that appellant lacked standing to pursue a motion for

postconviction relief because appellant had completed his sentence and thus

was no longer "in custody or subject to future custody" under the sentence

for which postconviction relief was sought.[1] Moreover, given his lengthy criminal record, Pumphrey could not establish that he would suffer any collateral consequences as a result of the convictions he sought to challenge in his motion.[2] Accordingly, his motion for postconviction relief was moot.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[1] *See* Del. Super. Ct. Crim. R. 61(a)(1), which provides that a motion for postconviction relief may only be brought by "a person in custody or subject to future custody under a sentence" of the Superior Court.

[2] *Gural v. State*, 251 A.2d 344, 344-45 (Del. 1969).

2

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ELTON L. PUMPHREY, | § | |
| | § | |
| Defendant Below- | § | No. 580, 2006 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID 0002014519 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: November 6, 2007
Decided:    November 15, 2007

Before **STEELE**, Chief Justice. **HOLLAND, BERGER, JACOBS** and **RIDGELY**, Justices, constituting the Court *en Banc.*

## O R D E R

This 15th day of November. 2007, the Court having carefully considered petitioner's Motion for Rehearing *en Banc* of the Court's Order dated October 23, 2007, and it appearing that the same should be denied;

NOW, THEREFORE, IT IS ORDERED that petitioner's Motion for Reargument or Rehearing *en Banc* be, and the same hereby is, DENIED.

BY THE COURT:

_____
Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

ELTON L. PUMPHREY        §    No. 580, 2006
                         §
v.                       §    Superior Court
                         §
STATE OF DELAWARE        §    Sussex County
                         §
                         §    Cr. ID No. 0002014519

The following docket entry has been made in the above
cause.

31. November 20, 2007.      Record and mandate to Clerk of
                            Court Below. **Case Closed**.

cc: The Honorable E. Scott Bradley
    Mr. Elton L. Pumphrey
    Loren C. Meyers, Esquire

                        Prothonotary
                        Received Above

                        By _____

                        Date _____

Date:  November 20, 2007.

                        Audrey F. Bacino
                        Assistant Clerk of Supreme Court

## *M A N D A T E*

THE SUPREME COURT OF THE STATE OF DELAWARE

TO:  Superior Court of the State of Delaware in and for
Sussex County:

*GREETINGS:*

**WHEREAS**, in the cases of:

### *State of Delaware v. Elton L. Pumphrey*

Cr. ID No. 00020114519

a certain judgment or order was entered on the 17th day of

October 2006, to which reference is hereby made; and **WHEREAS**,

by appropriate proceedings the judgment or order was duly

appealed to this Court, and after consideration has been

finally determined, as appears from the Orders dated **October**

**23, 2007,** and **November 15, 2007,** certified copies of which

are attached hereto;

**ON CONSIDERATION WHEREOF IT IS ORDERED AND ADJUDGED** that

the orders or judgments be and are hereby affirmed.

Audrey F. Bacino
Assistant Clerk of the Supreme Court

Issued:  November 20, 2007

**Supreme Court No. 580, 2006**

```
STATE OF DELAWARE        }
                         } ss.
KENT COUNTY              }
```

I, Audrey F. Bacino, Assistant Clerk of the Supreme

Court of the State of Delaware, do hereby certify that the

foregoing are true and correct copies of the Orders dated

October 23, 2007, and November 15, 2007, in *Elton L. Pumphrey*

*v. State,* No. 580, 2006, as they remain on file and of record

in said Court.

**IN TESTIMONY WHEREOF,**

I have hereunto set my hand and
affixed the seal of said Court at
Dover this 20th day of November A.D.
2007.

Audrey F. Bacino
Assistant Clerk of Supreme Court

#16
C:EMW
7-5-0
Ca

DELAWARE SUPREME COURT
FILED

**IN THE SUPREME COURT OF THE STATE OF DELAWARE**

2001 JUN 32 A 9 02

NDEPUTY CLERK
GEORGETOWN

Elton Pumphrey              :

    Defendant Below,     :
    Appellant,

vs.                         :

STATE OF DELAWARE           :

    Plaintiff Below,     :
    Appellee.


**ON APPEAL FROM THE SUPERIOR COURT OF THE STATE OF DELAWARE**

**IN AND FOR SUSSEX COUNTY**

**<u>APPELLANT'S OPENING BRIEF ON APPEAL</u>**

2001 JUL - 2 A 10: 29
DEPUTY CLERK
GEORGETOWN

DELAWARE SUPREME COURT
FILED


Thomas D. H. Barnett, Esquire
I. D. No. 0994
512 East Market Street
Georgetown, DE 19947
(302) 855-9252

Attorney for Appellant


DATED: 7-2-01

EXHIBIT (1)

**TABLE OF CONTENTS**

**PAGE**

TABLE OF CITATIONS.......................................ii

NATURE AND STAGE OF THE PROCEEDINGS ......................1

SUMMARY OF ARGUMENT ....................................2

STATEMENT OF FACTS .....................................3

ARGUMENT ...............................................5

    A.    STANDARD AND SCOPE OF REVIEW ...................5

    B.    MERITS OF ARGUMENT ............................6

CONCLUSION .............................................10

Attachments:

    Sentencing Order...................................B-1

    Ruling Denying Victim's Presence at Trial...........B-8

    Continuance Requested..............................B-23

## TABLE OF CITATIONS

**CASES**                                                                **PAGE**

Bassil v. U. S., D. C. App., 517 A. 2d 714 (1986)......7

Chambers v. Mississippi, 410 U. S. 284................9

Demby v. State, Del. Supr., 695 A. 2d 1152 (1997)......8

Johnson v. State, Del. Supr., 338 A. 2d 124 (1975).....7

People v. Barrera, Mich. Supr., 547 N. W. 2d 280, 289..9

Smith v. State, Del. Supr., 647 A. 2d 1083 (1994)......8

State v. Casiano, R. I. Supr., 667 A. 2d 1233 (1995)...8

Wright v. State, Del. Supr., 513 A. 2d 1310 (1986).....7

**RULES**

Delaware Rules of Evidence 804 (a)(4)(5)...............8

Delaware Rules of Evidence 803 (24)...................8

## NATURE AND STAGE OF THE PROCEEDINGS

Defendant, Elton L. Pumphrey, (hereinafter Defendant) was charged with Robbery First Degree, Possession of a Deadly Weapon during the Commission of a Felony, Theft Felony, Conspiracy Second Degree, and Failure to Submit to Photographs and Fingerprints.

On October 24, 2000, Defendant was tried by a jury before the Honorable E. Scott Bradley in the Superior Court of the State of Delaware, in and for Sussex County. The Defendant was convicted of Theft Felony, Conspiracy Second Degree and Failure to submit to Photographs and Fingerprints. The Defendant was acquitted of all other charges.

On December 15, 2000, Defendant was sentenced as follows:

As to Criminal Action No. 00-04-0160, Theft Felony, 2 years Level 5 with credit for 165 days, suspended after serving six months, with the balance suspended for 18 months of Level 3 probation; as to Criminal Action No. 00-04-0161, Conspiracy Second Degree, 2 years Level 5, suspended for 2 years at Level 3 probation; As to Criminal Action No. 00-04-0162, Failure to Submit to Photographs and Fingerprints, 1 year at Level 5, suspended for 6 months at Level 3 following by 6 months at Level 2. All sentences were consecutive ordered to pay costs on all charges, plus restitution of $1,753 to Sydney Arzt and $4,693.50 to Nationwide Insurance Company.

1

## **SUMMARY OF ARGUMENT**

The Trial Court should have allowed testimony that the Defendant had rented the car from Rocco Kovatto, even though the testimony was hearsay, as the exclusion deprived the Defendant of his right to confront and cross-examine the victim and required the Defendant to choose between exercising his Fifth Amendment right and testifying as to why he paid Kovatto the money.

2

Defendant in Ms. Arzt's vehicle. (A-21, 22, 23). Cpl. Troy Pezzuto of the Delaware State Police testified that Defendant refused to be processed at Troop 11 (A-24)

Tykesha Frazier (Frazier) testified that she was Defendant's cousin and that she saw Defendant give Korvatto money. (B-25) However, she was not allowed to testify as to why. (B-25-27)

Timothy Pumphrey, Defendant's brother, testified he also saw money exchanged (B-28) but he, too, was not allowed to testify as to why the money was paid.

4

## A. STANDARD AND SCOPE OF REVIEW

This court reviews <u>do novo</u> the Superior Court's application of the law regarding hearsay testimony. Also, the Trial Court abused it's discretion in failing to balance the admissibility of evidence against the Constitutional rights of the Defendant. <u>Sixth Amendment</u>, United States Constitution.

5

## B. MERITS OF ARGUMENT

An accused in a criminal proceeding is guaranteed the right to be confronted with the witnesses against him. <u>Wright v. State</u>, Del. Supr., 513 A. 2d 1310 (1986). In the instant case the State chose to proceed to trial without the victim Rocco Kovatto, who was in a rehabilitation program. The defense was not allowed to know his whereabouts in order to require his appearance. The State had requested a continuance, which was denied.

The confrontation clause and the heresay rule exceptions are to insure the accuracy of trial testimony. <u>Wright</u>, <u>supra</u>. Cross-examination plays an essential role in the accused's Sixth Amendment right and is protected by the Fourteenth Amendment in state prosecutions. <u>Johnson v. State</u>, Del. Supr., 338 A. 2d 124 (1975).

And, although discretion is generally vested in the Trial Court with respect to the admissibility of evidence, that discretion must be weighed against the Defendant's right to confront witnesses and to present a defense. <u>Bassil v. U. S.</u>, D. C. App., 517 A. 2d 714 (1986).

Further, the denial of the right to confront an accusatory witness may be satisfied, absent physical face-to-face

6

confrontation at trial, <u>only where denial is necessary to further important public policy</u>.(Emphasis Added.) <u>State v. Casiano</u>, R. I. Supr., 667 A. 2d 1233 (1995).

In the instant case the Trial Court should have allowed hearsay testimony when it forced the Defendant to proceed to trial without the presence of Kovatto.

In <u>Smith v. State</u>, Del. Supr., 647 A. 2d 1083 (1994), it was held that a statement offered as evidence of a material fact that is more probative than any other evidence the proponent can procure should be admitted when the Rules and the interests of justice are served by the admission into evidence. Further, an exception exists when the witness is unable to be present or testify because of a physical illness or infirmity and the proponent was unable to procure his attendance. <u>Delaware Rule of Evidence 804 (a)(4)(5)</u>.

In <u>Demby v. State</u>, Del. Supr., 695 A. 2d 1152 (1997), this Honorable Court addressed the residual hearsay exception of D.R.E. 803(24), holding that the exception provides that a statement not specifically covered by any of the other exceptions in D.R.E 803 but "having equivalent circumstantial guarantees of trustworthiness" will not be excluded by the hearsay rule. However, the court must first determine that:

(A) The statement is offered as evidence of a material

7

fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

This court also cited Chambers v. Mississippi, 410 U. S. 284, wherein the United States Supreme Court ruled that the hearsay rules may not be applied to defeat the ends of justice.

This Honorable Court stated in Demby, Supra, that few rights are more fundamental than that of an accused to present witnesses in his own defense, and, if there is some corroboration to support the statement, the evidence should be presented to the trier of fact.

Further, in People v. Barrera, Mich. Supr., 547 N. W. 2d 380, 289, it was held that a defendant's constitutional right to present exculpatory evidence in his defense and the rationale of the admission of reliable evidence must reach a balance. That court viewed it as having an inverse relationship: the more crucial the statement is to the theory of defense, the less corroboration a court may constitutionally require for its admission.

Therefore, as Kovatto was not available at trial the hearsay statements should have been admitted.

By not doing so the Defendant was deprived of his right to

8

question Kovatto regarding the rental of the car. And, had Kovatto denied renting Defendant the car the testimony of other witnesses could have been presented at trial.

## **CONCLUSION**

The Defendant's right to a fair trial was denied when he was not allowed to introduce hearsay evidence after his constitutional rights to confront and cross-examine the victim, Rocco Kovatto, who was not present for trial, were denied.

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

Elton Pumphrey                      :      No.  4,2001

     Defendant Below,             :
     Appellant,

vs.                                 :

STATE OF DELAWARE                   :

     Plaintiff Below,            :
     Appellee.

### CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that I caused to be mailed, United States postage Prepaid, two (2) true copies of the within APPELLANT'S OPENING BRIEF ON APPEAL and APPENDIX TO APPELLANT'S OPENING BRIEF ON APPEAL, this _ℛ_ day of _July_ , A. D. 2001, to:

Elton Pumphrey                        John Williams, Esquire
SBI  No. 185250                       Department of Justice
Building PT-5-511                     Sykes Building
Sussex Correctional Institution       45 The Green
P.O. Box 500                          Dover, DE 19901
Georgetown, DE 19947

Thomas D. H. Barnett, Esquire
I. D. No. 0994
512 East Market Street
Georgetown, DE 19947
(302) 855-9252

DATED: _6-29-01_

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

**STATE OF DELAWARE**

    **VS.**

**ELTON L PUMPHREY**

**Alias: See attached list of alias names.**

**DOB: 03/14/1968**
**SBI: 00185250**

| CASE NUMBER: | CRIMINAL ACTION NUMBER: |
|---|---|
| 0002014519 | IS00-04-0160 |
| | THEFT $1000 OR>(F) |
| | IS00-04-0161 |
| | CONSP 2ND(F) |
| | IS00-04-0162 |
| | AUTH FOR PHO FP(M) |

### SENTENCE ORDER

**NOW THIS 15TH DAY OF DECEMBER, 2000, IT IS THE ORDER OF
THE COURT THAT:**

**Effective December 15, 2000 the defendant is sentenced as follows:**

The defendant is adjudged guilty of the offense(s) charged.
The defendant is to pay the costs of prosecution and all
statutory surcharges.


**AS TO IS00-04-0160 : TIS**


The defendant shall pay his/her restitution as follows:
See attached list of Payees.

    The defendant is placed in the custody of the
Department of Correction for 2 year(s) at supervision level
5 with credit for 165 day(s) previously served




- Suspended after serving 6 month(s)   at supervision level
5

- For 18 month(s)   supervision level 3 **DOC DISCRETION**

**STATE OF DELAWARE**
         **VS.**
**ELTON L PUMPHREY**
**DOB: 03/14/1968**
**SBI: 00185250**

Probation is consecutive to any probation now serving

**AS TO IS00-04-0161 : TIS**

The defendant is placed in the custody of the Department
of Correction for 2 year(s) at supervision level 5

- Suspended for 2 year(s)  at supervision  level 3 **DOC
DISCRETION**

Probation is' consecutive to criminal action number
00-04-0160

**AS TO IS00-04-0162 : TIS**

The defendant is placed in the custody of the Department
of Correction for 1 year(s) at supervision level 5

- Suspended for 6 month(s)  at supervision  level 3 **DOC
DISCRETION**

- Then 6 month(s)  supervision level 2

Probation is consecutive to criminal action number
00-04-0161

B-2

## SPECIAL CONDITIONS BY ORDER

**STATE OF DELAWARE**
    **VS.**
**ELTON L PUMPHREY**
**DOB: 03/14/1968**
**SBI: 00185250**

                    **CASE NUMBER:**
                    **0002014519**

Pay financial obligations during the probationary period.

Perform 5 hour(s) to 35 hours per week of community service while at Level 3

Obtain and remain gainfully employed.

Have no contact with Sydney Artz

Have no contact with Derevia Gray

Have no contact with Daniel Jahn

Have no contact with Rocco Kovatto

Should the defendant be unable to complete financial obligations during the period of probation ordered, the defendant may enter the work referral program until said obligations are satisfied as determined by the Probation Officer.

### NOTES
The defendant shall be joint and severally responsible for the restitution, along with co-defendant Derevia Gray, AKA Darlene Smith, should she be adjudicated guilty at a later date.

While at level 5 and on probation, the defendant shall undergo a mental health examination and follow any directions for treatment, testing or counseling made.

While at level 5 and on probation, the defendant shall undergo a substance abuse evaluation and follow any directions for treatment, testing or counseling made.

5December 2000                 3                 15:34

B-3

**STATE OF DELAWARE**
      **VS.**
**EĹTON L PUMPHREY**
**DOB: 03/14/1968**
**SBI: 00185250**

                         **JUDGE E. SCOTT BRADLEY**

B-4

## FINANCIAL SUMMARY

**STATE OF DELAWARE**
        **VS.**
**ELTON L PUMPHREY**
**DOB: 03/14/1968**
**SBI: 00185250**

                            **CASE NUMBER:**
                            **0002014519**


SENTENCE CONTINUED:

TOTAL DRUG DIVERSION FEE ORDERED

TOTAL CIVIL PENALTY ORDERED

TOTAL DRUG REHAB. TREAT. ED. ORDERED

TOTAL EXTRADITION ORDERED

TOTAL FINE AMOUNT ORDERED

FORENSIC FINE ORDERED

RESTITUTION ORDERED                         6446.50

SHERIFF, NCCO ORDERED

SHERIFF, KENT ORDERED

SHERIFF, SUSSEX ORDERED                      150.00

PUBLIC DEF, FEE ORDERED                       50.00

PROSECUTION FEE ORDERED                      290.00

VICTIM'S COM ORDERED

VIDEOPHONE FEE ORDERED                         3.00

---

TOTAL                                       6,939.50

B-5

RESTITUTION SUMMARY

**STATE OF DELAWARE**
        **VS.**
**ELTON L PUMPHREY**
**DOB: 03/14/1968**
**SBI: 00185250**

                                        **CASE NUMBER:**
                                        **0002014519**


 **AS TO IS00-04-0160 :**
The defendant shall pay restitution as follows:   -  ·
       $        1753.00 to SYDNEY   ARZT
       $        4693.50 to NATIONWIDE INSURANCE

$B-6$

LIST OF ALIAS NAMES

**STATE OF DELAWARE**
          **VS.**
**ELTON L PUMPHREY**
**DOB: 03/14/1968**
**SBI: 00185250**

                    **CASE NUMBER:**
                    **0002014519**

ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON PUMPHREY
ELTON L PUMPHREY
ELTON PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON L PUMPHREY
ELTON PUMPHREY
ELTON L PUMPHREY

B-7

1          P R O C E E D I N G S

2          (The following proceedings were had in

3     Judge's Chambers:)

4          THE COURT:  What is up?

5          MS. STEINER:  We have a trial today, as you

6     know.  It is a robbery trial on four charges, I think.

7          THE COURT:  With a stick.  Conspiracy; theft

8     over a thousand.

9          MS. STEINER:  The robbery charges --

10         THE COURT:  Assault or violence?

11         MS. STEINER:  I think charged is ". . .used

12    force or threatened to use force or cause physical

13    injury."  I don't think the stick is in the indictment.

14         THE COURT:  Isn't that the deadly weapon?

15         MS. STEINER:  You don't need a deadly weapon

16    for robbery first.

17         MR. BARNETT:  You do for possession of a

18    deadly weapon during the commission of a felony.

19         MS. STEINER:  In any event, the victim of

20    this alleged robbery is not here.  His name is Rocco

21    Kovatto, K-o-v-a-t-t-o.  My last communication with him

22    was last week.

23         Prior to that, I had requested a continuance

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-8

1·   because I received information that he was checking

2    himself into a rehab facility.  I asked for a

3    continuance for that reason and Mr. Barnett did not

4    object, but the continuance request was denied.

5            THE COURT:  By?

6            MS. STEINER:  Case Scheduling, I guess.  I

7    did not follow up with an additional request because,

8    in the meantime, I heard from Mr. Kovatto, wherever he

9    was.  He was not in the State of Delaware.  He had been

10   in the State of Delaware up until this point, from my

11   understanding, because I had periodic communication

12   with him.  Several co-defendants' trials were coming up

13   and being bumped.  So I had communication with him.

14           My last communication with him, I believe,

15   was last Tuesday, and he indicated to me he was

16   checking himself into a facility.  Initially, my

17   information was that he was in Pennsylvania.  When I

18   spoke with him, he was in New Jersey because the number

19   I had was a 609.

20           He told me that he was checking himself into

21   a facility that day, but that they were going to allow

22   him -- they knew he had this trial and he was going to

23   be permitted to come down here to testify for this

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-9

1    trial.  He was going to take the Cape May ferry.  We

2    had a conversation about how he was going to get here

3    when he needed to be here.

4              THE COURT:  What is the nature of the

5    facility or his problem?

6              MS. STEINER:  He tells me it is alcohol.  But

7    I have no way of knowing, and I couldn't get that

8    information, even if I tried.

9              THE COURT:  All right.

10             MS. STEINER:  He tells me he has an alcohol

11   problem.  That is why he is where he supposedly is.  I

12   don't know where he is.  But I am just representing --

13             THE COURT:  You thought he would be here?

14             MS. STEINER:  Because I talked with him and

15   he assured me he knew this trial was this Tuesday and

16   the co-defendant is the 31st, on Halloween.  He knew he

17   had to be here this Tuesday and the 31st, and I told

18   Mr. Kovatto, "It is probably going to be more than one

19   day.  You may need to be here the 24th and 25th and

20   then again the following week."

21             We had conversations about this.  He assured

22   me he would be here.  We talked about how he was going

23   to be here.  I have no explanation as to why he is not

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-10

1    here.  I have not had any communication with him since

2    last Tuesday, despite efforts to do so.  I don't know

3    where he is.

4           He has not been served, because he was not in

5    the State of Delaware at the time last week when the

6    Sheriff's Office presumably was trying to serve some

7    subpoenas.  I don't know whether or not there were any

8    efforts made to serve the subpoena on him.  Certainly,

9    it was requested by our office, because this is not the

10    first trial for this.  So he had been served in the

11    past.

12           But last week, with the issues with the

13    Sheriff's Office, I know that several of my witnesses

14    were not getting subpoenas until Saturday or today.  So

15    he has not been served for multiple reasons, probably

16    one of which is that he is presumably out of state.

17    But I have no way of confirming that.  All I know is

18    that the last communication I had with him was last

19    Friday.

20           I am prepared to proceed without Mr. Kovatto.

21    I have, I believe, sufficient other evidence to proceed

22    on all of the charges without his presence.  I don't

23    intend to get into any statements that he made to

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-11

1    people.

2           I have another witness who was the witness

3    who made a 911 call.  I have a recording of that 911

4    call.  I have the individuals who are responsible for

5    maintaining those types of records and the person who

6    was the dispatcher who received the 911 call.  I have

7    the police officers to whom this witness made the 911

8    call and made statements that evening and early that

9    morning about what had happened.

10          I have a police officer who when the vehicle

11    ultimately -- a vehicle was stolen.  When the vehicle

12    is recovered, the defendant and another individual whom

13    the witness will identify as having been involved in

14    this process and is taking the car that night, ends up

15    in the car when stopped by another police officer three

16    weeks later.

17          I have a photograph of the victim and his

18    injuries that was taken by a police officer.  I have a

19    paramedic who transported the victim to the hospital

20    and can testify about the nature of his injuries.

21          THE COURT:  All right.

22          MS. STEINER:  I am prepared to go forward

23    without him.  I believe Mr. Barnett has some issues

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-12

1      about that.

2             MR. BARNETT:   I have a right to confront and

3      cross-examine the victim.   There is an allegation of a

4      robbery.   Who is going to testify that he was robbed?

5      Who is going to testify as to who hit him?   None of the

6      witnesses are going to be able to testify to that.

7             There are inconsistent statements in the

8      victim's testimony at the preliminary hearing.   There

9      are inconsistent statements in the police report.   Part

10     of my evidence can only be gotten in on rebuttal, and I

11     need the victim here to ask him those questions before

12     I can present my witnesses.

13            There is no way that the State can go forward

14     and give my client a fair trial without the victim

15     being here.   He has a constitutional right to confront

16     and cross-examine his accuser.

17            How are we going to get in his statement that

18     he was robbed?   It is hearsay.   The officer can't

19     testify to police report information without the victim

20     being here to confirm it and testify to it, and we

21     don't have that, Your Honor.   How in the world can the

22     State hold my client up and make him face up to twenty

23     years in prison without giving him that basic right?

1    The State can't go forward on this without him.

2         I did not object to the continuance request

3    the first time.  My client has instructed me that I was

4    in error and I should have objected.  He is raising the

5    devil me because I did not.

6         I understand the State's position.  I have

7    been there before when I was on the other side.  But

8    there are some cases you just have to bite the bullet.

9    They asked for a continuance.  They didn't get it.  I

10   had to pay a private process server to serve my

11   subpoenas for this trial.  Because of the problems with

12   the Sheriff's Department, I didn't know if they would

13   get out there and do it.

14        This is just a basic constitutional issue.  I

15   have a right to have this victim here and confront him

16   about what happened that night.  Not to just have the

17   State come in here with two or three peripheral

18   witnesses and try my client for robbery.

19        MS. STEINER:  I disagree that he has a

20   constitutional right to cross-examine the victim.  What

21   if the victim had been killed in a car accident

22   subsequent to this happening and was dead?

23        THE COURT:  What, if any, statements are we

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-14

1    going to hear?

2           MS. STEINER:  I have no intention of

3    introducing any statements of the victim.  I intend to

4    introduce a photograph of him and injuries which are

5    visible in the photograph.  The witness who observes

6    what is happening and observes people around the victim

7    and then obtaining keys and stealing the car, which the

8    defendant and the same girl who this witness identifies

9    as being there the night of this incident, three weeks

10    later, end up in the car.

11           MR. BARNETT:  Again, my witnesses are going

12    to be rebuttal in nature and they are going to testify

13    -- and I will proffer it for the record -- that

14    Mr. Kovatto, in fact, rented his car on a regular basis

15    for money and for drugs in that area.  But the only way

16    I can get that in is for him to say he has never done

17    it.  And he says he has never done it in the police

18    reports and in the preliminary hearing.

19           But that's all not going to come in, so my

20    evidence can't come in.  I am sitting over here with my

21    thumb in my ear, to make it a little nicer paraphrase,

22    while my client gets on the railroad to prison, and I

23    have no case because the victim has chosen not to

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-15

1    appear.

2         MS. STEINER:  I don't know that I can say

3    that he has chosen not to appear.  Assuming he did

4    check himself into a rehab facility, from what I know

5    of rehab facilities, I don't know whether he would be

6    able to come.  He says he would have been able to come

7    down here, but I don't know whether he would or not.  I

8    don't know if he would have any transportation.  I

9    don't know where he is.

10        In my last communication, he assured me he

11   would be here, but he is not.  I have no explanation.

12   He has not been served despite efforts to do so and

13   despite communications with him.  I feel I can proceed

14   with what I have on this case.

15        THE COURT:  Did you try to subpoena the

16   victim?

17        MR. BARNETT:  No.  I didn't find out where

18   the victim is.  He is in a rehab.  All I can do is rely

19   on what Paula has told me.  The fact is that it is not

20   my duty to subpoena him to start with.  But even had I

21   known where he was -- and, yes, I would have subpoenaed

22   him -- Mr. Kovatto is not in the state.  The fact still

23   remains that the State had this case for a long time

1    and these subpoenas didn't have to wait until the last

2    minute.

3              MS. STEINER:  They didn't wait until the last

4    minute.

5              MR. BARNETT:  They could have served him

6    before he left the State.  The second thing is if

7    Mr. Kovatto calls and says he is going to appear, then

8    I assume the presumption is rehab is going to let him

9    appear.

10             But all of that aside, I am put in a position

11   that the State has brought a charge of robbery and now

12   they are going to try to show similar evidence to prove

13   that robbery without a victim's statement that, number

14   one, he was robbed; number two, that he was injured;

15   number three, who injured him; and, number four, that

16   he never lent his car out and this car was stolen, the

17   car he was driving.  It is not even his car.  He

18   borrowed the car from someone else.

19             MS. STEINER:  The State submits the injuries

20   to Mr. Kovatto belie that he voluntarily rented a car

21   to anyone.

22             MR. BARNETT:  Not necessarily.  He could have

23   been in an argument later.  I mean, all of this should

1    come out in a trial -- not here in chambers -- if we

2    are going to suppose.  But the key is that my case is

3    dead in the water without the victim, and I don't see

4    how the State can proceed without the victim, because I

5    have a right or my client has a right to confront and

6    cross-examine his accuser.  That is a basic tenet of

7    criminal law.

8         THE COURT:  I think the State is free to

9    select which witnesses it wants to present, and if it

10   doesn't want to present a particular witness -- in this

11   case the victim -- or can't present it, I think that

12   that is certainly within the State's discretion.  We

13   are not going to hear testimony from this victim in

14   some other form if the victim is not going to be here,

15   so I don't think you have confrontational issues.

16        MR. BARNETT:  Sure I do.  Someone has to make

17   a complaint of a robbery.  That complaint was made by

18   Mr. Kovatto.  Without Mr. Kovatto's getting on the

19   stand and saying, "I was robbed, and that man robbed

20   me," then how does the evidence of any robbery get in,

21   no matter what happened?  What we are left with is we

22   may have a fight.

23        THE COURT:  I would think that the absence of

 1    that testimony would please your client.

 2             MR. BARNETT:   It doesn't please my client or

 3    me that I have to go to trial without being able to

 4    present my entire case.   It is a crap-shoot, obviously.

 5             THE COURT:   What is it you want to present

 6    that you don't think you will be able to because the

 7    victim is not here?

 8             MR. BARNETT:   I have one witness who will

 9    testify that the car was rented to my client that

10    night, and I think I can get that in.  I have three

11    other witnesses that I may not be able to get in

12    without the rebuttal.

13             THE COURT:   What kind of testimony might they

14    offer?

15             MR. BARNETT:   That Mr. Kovatto regularly came

16    to West Rehoboth and traded his car for drugs.

17             MS. STEINER:   Which I would object to anyway,

18    being able to get into specific instances of character

19    and conduct.

20             MR. BARNETT:   The night of the incident is

21    the one witness I have who saw that.   Mr. Kovatto has

22    denied in prior testimony that he ever rented his car

23    to anybody, and he also denied using drugs, and that

1    bears on his credibility.  And, obviously, if he says,

2    "I don't use drugs," I have a right to bring somebody

3    in who saw him use drugs on rebuttal.

4              THE COURT:  Whether he used the drugs or

5    didn't use drugs, what does that show?  If he did use

6    drugs, what does that show?

7              MR. BARNETT:  It shows credibility.  He

8    denied that he used drugs.  He denied he used drugs

9    that night.  I have a witness who is going to say he

10   traded his car for drugs that night.

11             THE COURT:  But he is not going to testify.

12             MR. BARNETT:  Mr. Kovatto isn't.

13             THE COURT:  So his credibility is not at

14   issue.

15             MR. BARNETT:  Right.  But the issue is that

16   the car was rented.

17             THE COURT:  You have one witness who will say

18   that Mr. Kovatto rented that car that night to your

19   client?

20             MR. BARNETT:  Yes.  That is my whole case.

21   That's it.

22             THE COURT:  We won't ask why your client

23   allegedly hit him and took his money.

EILEEN G. KIMMEL
OFFICIAL COURT REPORTER

B-20

1          MR. BARNETT: Well, this witness is also

2    going to say he didn't have any money that night.

3    That's why he rented the car.

4          THE COURT: I assume your ultimate request is

5    you want a continuance?

6          MR. BARNETT: No.

7          THE COURT: Or what? What is your --

8          MR. BARNETT: I don't believe the State can

9    proceed without the victim and giving me the right to

10   confront and cross-examine him.

11         MS. STEINER: How could you ever prosecute a

12   murder case, if that is your argument?

13         MR. BARNETT: That is different. The witness

14   is available.

15         THE COURT: What about if the victim changed

16   their mind and refused to testify?

17         MR. BARNETT: Then if they did that, they

18   would be able to get in their prior statements under

19   the Rules.

20         MS. STEINER: That happens all the time in

21   the domestic violence cases where witnesses recant.

22         THE COURT: I don't think the State has an

23   obligation to put the witness on in order to proceed.

1   If that is the basis, I will deny that. It is the

2   State's burden, and the State can sustain its burden in

3   any permissible way. I would think you would be

4   pleased that the victim is not going to be here to

5   testify. I would think you would be pleased.

6           I may be wrong. But I am not aware of any

7   obligation that the State has to produce any particular

8   witness.

9           MR. BARNETT: Can I have a few minutes to go

10  down and talk to my client to let him know what is

11  going on?

12          THE COURT: Yes.

13          (Whereupon, after a brief recess, the

14      Court reconvened in open court and the following

15      proceedings were had:)

16          THE CLERK: We are about to select a jury in

17  the case of State of Delaware against Elton L.

18  Pumphrey. This is a criminal case, and the charges

19  against the defendant are robbery in the first degree;

20  possession of a deadly weapon during the commission of

21  a felony; theft; conspiracy in the second degree; and

22  failure to submit to photographs and fingerprints. It

23  is alleged that the offenses occurred in Sussex County

## CONTINUANCE REQUEST FORM

Trial [X] Case Review [ ]                                         County: Sussex

State vs. Ellen Humphrey        Arrest Date 3-16-00   Detained: yes/no

Criminal Action # 0008014519  Defendant ID# 00-04-0158  # of prior reschedulings 1

Scheduled Date 10-24-00  Requested date 10-4-00  OPPOSING COUNSEL: [ ] Opp. [X] Agree

### REQUESTED BY:

[x] Deputy Paula Ryan Steiner           Paula Ryan Steiner 10-4-00
         Print Name                          Signature/Date

[ ] Defense Thomas D.H. Barnett          _____
         Print Name                          Signature/Date

REASON(S): A necessary witness for the State chilled
and stated he was in a Detox program for 165
days is Wernersville, PA and will not be available
to testify.

_____

_____

_____

IF CONTINUANCE REQUEST IS DUE TO SCHEDULING CONFLICT WITH
ANOTHER COURT APPEARANCE:

Court and County:_____ Case Name:_____

Case ID No.:_____ Time:_____ Judge:_____

Date the other appearance date was selected:_____

NOTICE: It is the responsibility of the submitting party to send a copy of this request to opposing counsel. In the event of approval of this request, it is the responsibility of the attorneys to notify their clients and witnesses of the new date.

_____

FOR ADMINISTRATIVE USE ONLY:

Recommendation:   [ ]Approve [ ]Deny     Charge to:   [ ]State [ ]Defense [ ]Court

Comments:_____

_____

COURT ACTION:   [ ]Approve [X]Deny     Charge to:   [ ]State [ ]Defense [ ]Court

Comments: Continuance request is denied. Request was filed outside
of 15 day guideline period. See date has been established since 8/1/00.
Defendant is also incarcerated on these charges. Has an arrest date of 3/16/00.

Judge: L. Rumenta          Date: 10/12/00.

Steiner
Barnett
Proth

B-23

EXHIBIT

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES HOLLAND, | § | No. 550, 1998 |
| | § | |
| Defendant-Below, | § | Court Below—Superior Court of |
| Appellant, | § | the State of Delaware in and for |
| | § | New Castle County |
| v. | § | |
| | § | Cr. A. No. IN98031820 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: November 30, 1999
Decided:    January 26, 2000

Before **VEASEY**, Chief Justice, **WALSH** and **HOLLAND**, Justices.

Upon appeal from the Superior Court.    **REVERSED**.

Raymond J. Otlowski, Esquire, Assistant Public Defender, Wilmington, for Appellant.

Timothy J. Donovan, Jr., Esquire, Deputy Attorney General, Wilmington, for Appellee.

**VEASEY**, Chief Justice:

EXHIBIT (2)

In this appeal we reverse a judgment entered on a conviction of conspiracy to commit second degree assault. The problem here is that the jury disagreed on the second degree assault charge, the underlying overt act. A mistrial on that charge was declared because of the hung jury. Since the indictment did not charge that a person other than the defendant committed the overt act, and there was no conviction of the defendant on that charge, the conviction on the conspiracy charge cannot stand. This case is legally indistinguishable from our prior jurisprudence holding that there cannot be a conspiracy conviction where there has been an acquittal of the same defendant on the overt act.

### Facts

It appears to the Court from the briefs and parties' arguments on appeal that the facts of this case are as follows. On the evening of November 28, 1997, three men attacked Arvel Nesmith as he was talking to his girlfriend on the sidewalk of East Eleventh Street in Wilmington. The three men walked past Nesmith and stopped to engage in a whispered conversation. One of the men approached Nesmith and pulled a gun out of his waistband. Nesmith's girlfriend managed to run away, but one of the other men grabbed Nesmith from behind causing him to fall to the ground. Nesmith recognized the man who grabbed him as a childhood

acquaintance, who was eventually identified as James Holland. The three men then proceeded to beat Nesmith over the head and body before fleeing.

The State indicted Holland on one count of second degree assault, one count of possession of a firearm, and one count of second degree conspiracy.[1] After hearing the evidence, the jury was unable to reach a verdict on any of the three counts. Over the objection of Holland's counsel, the trial court gave the jury an *Allen* charge,[2] a supplemental instruction encouraging the jury to reach a verdict. The jury remained hung on the first two charges, but reached a guilty verdict on the count of second degree conspiracy. Holland now appeals to this Court, claiming that his conviction for second degree conspiracy is invalid absent a conviction for the underlying overt act.

## *Analysis*

A jury's guilty verdict on a conspiracy charge and an acquittal on the underlying felony are not always legally inconsistent verdicts under Delaware law.[3]

---

[1]  Count III of the Indictment states in pertinent part that Holland "when intending to promote the commission of a Felony, did agree with 2 unknown conspirators to engage in conduct constituting a felony of Assault Second Degree and *did commit an overt act in furtherance of said conspiracy,by committing Assault Second Degree as set forth in Count I of this indictment. . . .*" (Holland Indictment 3/30/98, at 2) (emphasis added).

[2]  *See Allen v. United States*, 164 U.S. 492 (1896).

[3]  *See Robertson v. State*, Del. Supr., 630 A.2d 1084, 1095 (1993); *Alston v. State*, Del. Supr., 554 A.2d 304, 312 (1989).

Under Delaware law, it is not necessary for a defendant to commit the overt act underlying the conspiracy charge.[4] It is sufficient that a co-conspirator commit the overt act.[5] When the only overt act alleged is the underlying substantive crime, a defendant's acquittal on this charge negates the overt act element of a conspiracy charge unless a co-conspirator committed the overt act.

In *Johnson v. State*, this Court reversed a conspiracy conviction where a defendant had been acquitted of the "overt act," third degree burglary.[6] We reasoned that the defendant could not be convicted of conspiracy because there was no allegation that the overt act was committed by a co-defendant or co-conspirator.[7]

---

[4] 11 *Del. C.* § 512 provides:

> A person is guilty of conspiracy in the second degree when, intending to promote or facilitate the commission of a felony, the person:

> (1) Agrees with another person or persons that they or 1 or more of them will engage in conduct constituting the felony or an attempt or solicitation to commit the felony; or
> (2) Agrees to aid another person or persons in the planning or commission of the felony or an attempt or solicitation to commit the felony; and *the person or another person with whom the person conspired commits an overt act in pursuance of the conspiracy.* (emphasis added).

[5] *See Stewart v. State*, Del. Supr., 437 A.2d 153, 156 (1981); *Alston*, 554 A.2d at 312.

[6] Del. Supr., 409 A.2d 1043,1044 (1979).

[7] *See id.*

In *Robertson*, *Alston*, and *Stewart,* this Court faced the same issue, but addressed a slightly different factual scenario.[8] Unlike *Johnson*, the overt act was alleged to have been committed by a conspirator other than the defendant.[9] Despite defendant's acquittal on the underlying charge or overt act, we upheld conspiracy charges in all three cases. These cases stand for the proposition that a conspiracy conviction is not legally inconsistent with an acquittal because a "conviction is sustainable" whether a defendant "or another person with whom he conspired commits an overt act in furtherance of the conspiracy."[10]

## *This Case*

In this case, the jury found Holland guilty of conspiracy in the second degree, but there was a hung jury on the count of second degree assault, the underlying overt act. Thus, this case does not involve inconsistent verdicts, but a verdict and a non-verdict. This distinction, however, is of no consequence because the State failed to prove beyond a reasonable doubt that Holland committed second degree assault in Count I of the Indictment. As a result, the State concomitantly failed to prove that

---

[8] *See Robertson*, 630 A.2d at 1095; *Alston*, 554 A.2d at 311-12; *Stewart*, 437 A.2d at 156-57.

[9] *See Johnson*, 409 A.2d at 1044.

[10] *Stewart*, 437 A.2d at 156-157; *see also Robertson*, 630 A.2d at 1095; *Alston*, 554 A.2d at 311-12;

Holland committed the overt act necessary to sustain the conspiracy charged in Count III of the Indictment.[11] Paralleling the factual scenario presented in *Johnson*, the indictment in this case did not allege that a conspirator, other than Holland, committed the overt act of assault in the second degree.[12] Therefore, we conclude that Holland's conviction of conspiracy in the second degree was reversible error.

## *Conclusion*

On the basis of the foregoing, we conclude that the conspiracy conviction and the hung jury on the underlying substantive crime are legally inconsistent and therefore we reverse the judgment of the Superior Court.

---

[11] *See* 11 *Del. C.* § 301(b). 11 *Del. C.* § 301(b) provides in pertinent part: "No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."

[12] *See Johnson*, 409 A.2d at 1044.

-5-