## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ELTON LEROY PUMPHREY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ.Act.No. 08-297-GMS |
| | ) | |
| **PERRY PHELPS**, Warden | ) | |
| and **JOSEPH R. BIDEN, III**, Attorney | ) | |
| General for the State of Delaware | ) | |
| | ) | |
| Respondents. | ) | |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents submit the following in response to the petition for a writ of habeas corpus.

On October 26, 2000, a Superior Court jury convicted Elton Pumphrey of felony theft, second degree conspiracy, and failure to submit to photographs and fingerprinting. On January 9, 2002, the Delaware Supreme Court affirmed Pumphrey's convictions and sentences on direct appeal. *See Pumphrey v. State*, 2002 Del. LEXIS 7 (Del. Supr.). In November 2002, the Superior Court conducted a violation-of-probation hearing; and the Superior Court found Pumphrey in violation on November 8, 2002. *See* Docket Item 62 in Superior Court Case No. 0002014519 (hereinafter "Dkt. Item __"). Beginning in December 2002, Pumphrey filed several motions regarding modification of his sentence. *See* Dkt. Items 63, 76, 78, 80. The Superior Court denied each request. *See* Dkt. Items 64, 77, 79, 81. On August 24, 2004, Pumphrey then filed a motion for correction of an illegal sentence under Criminal Rule 35(a). The Superior Court denied that motion and

Pumphrey appealed. *See* Dkt. Item 83, 84. The Delaware Supreme Court affirmed the

order denying Pumphrey's motion on July 11, 2005. *See Pumphrey v. State*, 2005 Del.

LEXIS 255 (Del. Supr.). On July 25, 2005, Pumphrey filed a motion for postconviction

relief. *See* Dkt. Item 94.[1] That motion was denied by the Superior Court on October 17,

2006. *See* Dkt. Item 107. Pumphrey again appealed to the Supreme Court; the Supreme

Court affirmed the denial of Pumphrey's motion for postconviction relief on November

26, 2007. *See Pumphrey v. State*, 2007 Del. LEXIS 459 (Del. Supr.). Pumphrey then

filed his petition for federal habeas relief on May 18, 2008. *See* D.I. 2.

Pumphrey is not entitled to relief because his petition for relief is untimely under

28 U.S.C. § 2244(d). Pumphrey filed his petition on May 18, 2008,[2] thereby subjecting it

to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See generally*

*Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases

as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1

(D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the

terms of § 2244(d)(1), as amended by AEDPA, a federal habeas petitioner must file the

petition within one year of the date on which the state court judgment became final upon

the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*,

523 U.S. 740, 742-43 (1998). Pumphrey was convicted in October 2000 and sentenced in

---

[1] The Superior Court docket reflects that Pumphrey filed a letter enclosing a copy of his motion for postconviction relief on February 22, 2005. *See* Dkt. Item 92. Unfortunately, the Superior Court did not have jurisdiction to consider Pumphrey's claim since he had appealed the denial of his motion for postconviction relief; and the Supreme Court did not resolve that appeal until July 11, 2005.

[2] The petition is dated May 18, 2008. D.I. 2, at 16. That is the presumptive date on which Pumphrey gave the petition to prison officials for mailing. In turn, that date is the date the petition is deemed filed. *See, e.g., Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002).

December 2000.  The Delaware Supreme Court affirmed Pumphrey's convictions and
sentences on January 9, 2002.  Accordingly, under the terms of § 2244(d)(1), Pumphrey
had until January 9, 2003, to file his petition for federal relief.  Pumphrey, however, did
not file his petition until May 18, 2008.  Accordingly, the petition is untimely and must
be dismissed unless the intervening time can be statutorily or equitably tolled.  *See Jones
v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

The tolling mechanism of § 2244(d) does not save Pumphrey's petition from the
one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2).  When applicable, § 2244(d)(2)
tolls the one-year period of § 2244(d)(1) during the time that a properly filed state
postconviction action is pending in the state courts.  The time between the date when a
petitioner's conviction becomes final and the date of collateral filing as well as the time
after final collateral disposition and before the filing of the federal petition count against
the one-year limitations period.  *See Roy v. Lampert*, 455 F.3d 945, 949 (9th Cir. 2006);
*Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325,
327-28 (4th Cir. 2000); *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).

In this case, Pumphrey did not file anything that statutorily tolled the limitations
period until August 24, 2004, when Pumphrey filed a motion to correct an illegal
sentence under Delaware Criminal Rule 35(a).  Pumphrey did move to modify his
sentence under Criminal Rule 35(b); however, that application did not toll the statutory
period.  *See Hartmann v. Carroll*, 492 F.3d 478, 484 (3d Cir. 2007) (concluding that a
"motion for sentence reduction properly filed pursuant to Delaware Superior Court
Criminal Rule 35(b) does not have the effect of tolling the limitations period set forth in
28 U.S.C. § 2244(d)(1).").  Accordingly, Pumphrey's motions had no affect on the

3

statutory period. And Pumphrey did not take any action that tolled the statutory period until August 24, 2004. By that time, however, 593 days had passed since the statutory period had expired.

At the same time, the doctrine of equitable tolling does not save Pumphrey's petition from the one-year time bar. While this Court has noted that the limitations period may be subject to equitable tolling, *see, e.g., Thomas v. Snyder*, 2001 U.S. Dist. LEXIS 19969, at *10-11 (D. Del. Nov. 28, 2001) (describing rule), Pumphrey's petition presents no justification for doing so. Equitable tolling saves an untimely petition only when the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). To this end, equitable tolling has been "specifically limited" to three situations: "(1) where the defendant (or the court) actively misled the plaintiff; (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or (3) where the plaintiff asserted his rights mistakenly in the wrong forum." *Bacon v. Carroll*, 2007 U.S. Dist. LEXIS 68877, *8-9 (D. Del. Sept. 17, 2007) (*quoting Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)). Pumphrey's offers no justification that would justify equitable tolling of any of the 593 day period.

Moreover, Pumphrey is still not entitled to federal habeas relief because he has not established that the decision of the Delaware courts was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Pumphrey had presented the claims he raised in the instant petition in his motion for

4

postconviction relief in state court. Superior Court denied relief on the basis that Pumphrey was "no longer in custody or subject to future custody under the sentencing order . . . [t]herefore, you do not have standing to pursue your claim under Superior Court Criminal Rule 61." *See* Dkt. Item 107 (attached to petitioner's memorandum of law). The Delaware Supreme Court echoed this sentiment in its order affirming the judgment of the Superior Court. *See Pumphrey v. State*, 2007 Del. LEXIS 459 (Del. Supr.). The Court also added that "given his lengthy criminal record, Pumphrey could not establish that he would suffer any collateral consequences as a result of the convictions he sought to challenge in his motion." *Id.* This resolution, then, presents an independent state law basis, thereby insulating it from federal habeas relief. See *Wainwright v. Sykes*, 433 U.S. 72, 81-82 (1977). There being no basis to grant Pumphrey's untimely petition for federal habeas relief, his petition should be denied.

## Conclusion

Based upon the Superior Court docket sheet, it appears that transcripts of Pumphrey's trial and sentencing have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be denied.

/s/Kevin M. Carroll
Kevin M. Carroll
Deputy Attorney General
Department of Justice
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Dated: September 2, 2008

1 of 1 DOCUMENT

**ELTON PUMPHREY, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.**

No. 4, 2001

SUPREME COURT OF DELAWARE

788 A.2d 528; 2002 Del. LEXIS 7

November 8, 2001, Submitted
January 9, 2002, Decided

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION IN THE PERMANENT LAW REPORTS. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**PRIOR HISTORY:**    Court Below: Superior Court of the State of Delaware in and for Sussex County. Cr. ID No. 0002014519.

**DISPOSITION:**    Affirmed.

**JUDGES:** Before HOLLAND, BERGER and STEELE, Justices.

**OPINION BY:** Carolyn Berger

**OPINION**

ORDER

This 9th day of January, 2002, on consideration of the briefs of the parties, it appears to the Court that:

1) Elton Pumphrey was convicted, following a jury trial, of felony theft, conspiracy second degree and failing to submit to photographs and fingerprints. He argues on appeal that, because the victim of the theft did not testify, the trial court erred in excluding certain hearsay exculpatory evidence. We find this claim to be without merit and, accordingly, we affirm.

2) On February 23, 1999, Rocco Kovatto was driving a borrowed Nissan Maxima when he stopped to visit his friend, Buddy Sturgis. The two were drinking when Kovatto noticed that a man named Danny Jahn was sitting in the car. Kovatto went outside to remove Jahn from the car and a fight erupted. Pumphrey and a woman nicknamed "Snow" joined Jahn in attacking Kovatto.

One of the assailants took [*2] Kovatto's car keys out of his pocket, and Pumphrey and Snow left in the Maxima. Pumphrey was arrested approximately one month later, driving the Maxima, which had been reported stolen by the owner.

3) The State planned to call Kovatto as a witness, but he failed to appear on the day of trial. After the trial court denied the State's request for a continuance, the State decided to proceed without Kovatto. Pumphrey then complained that his defense would suffer without Kovatto's testimony because Kovatto would have helped establish that Pumphrey had rented the car. The Court asked whether Pumphrey wanted a continuance, and Pumphrey said that he did not.

4) Pumphrey complains that his brother and cousin should have been allowed to testify that Pumphrey gave Kovatto money to rent the car from him. He acknowledges that their testimony would be hearsay, but says that the hearsay should have been admitted to make up for the fact that Kovatto was not available to be questioned about the rental arrangement. Apparently Kovatto would have denied that he rented the car to Pumphrey, but Pumphrey then would have used his family's testimony to rebut Kovatto's claim.

5) To the extent that Pumphrey [*3] claims a violation of his Sixth Amendment right to confront accusatory witnesses, his claim fails because "no out-of-court statement by the absent witness was introduced into evidence." [1] Alternatively, Pumphrey contends that the court was obliged to allow hearsay testimony to "make up" for Kovatto's absence.

    1    *Wingfield v. State*, Del. Supr., 509 A.2d 95 (1986).

6) Because "few rights are more fundamental than that of an accused to present witnesses in his [or her] own defense," [2] it is important that "the hearsay rule ...

788 A.2d 528; 2002 Del. LEXIS 7, *

not be applied mechanistically to defeat the ends of justice." [3] Still, there must be some corroboration of the proposed hearsay testimony to establish its trustworthiness. [4] Pumphrey offers no corroboration or other indicia of trustworthiness for the witnesses' hearsay testimony, and the fact that the two witnesses are Pumphrey's relatives, if anything, suggests a lack of trustworthiness. Under these circumstances, the trial court acted well within its discretion [*4] in excluding the hearsay.

    2   *Chambers v. Mississippi*, 410 U.S. 284, 302, 35 L. Ed. 2d 297, 93 S. Ct. 1038 (1973).

    3  *Ibid.*

    4  *Demby v. State*, Del. Supr., 695 A.2d 1152, 1160 (1997).

    NOW, THEREFORE, IT IS ORDERED that the judgments of the Superior Court be, and the same hereby are, AFFIRMED.

BY THE COURT:

/s/ Carolyn Berger

Justice

LEXSEE 2005 DEL. LEXIS 255

**ELTON L. PUMPHREY, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.**

**No. 419, 2004**

**SUPREME COURT OF DELAWARE**

**878 A.2d 461; 2005 Del. LEXIS 255**

**May 20, 2005, Submitted
July 11, 2005, Decided**

**NOTICE:** [*1] PUBLISHED IN TABLE FORMAT IN THE ATLANTIC REPORTER.

**SUBSEQUENT HISTORY:** Post-conviction relief denied at State v. Pumphrey, 2006 Del. Super. LEXIS 418 (Del. Super. Ct., Oct. 17, 2006)

**PRIOR HISTORY:** Court Below Superior Court of the State of Delaware, in and for Sussex County. Cr. A. No. VS00-04-0161-02.

**JUDGES:** Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

**OPINION BY:** Myron T. Steele

**OPINION**

**ORDER**

This 11th day of July 2005, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1) The defendant-appellant, Elton L. Pumphrey, filed an appeal from the Superior Court's September 7, 2004 order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). We find no merit to the appeal. Accordingly, we AFFIRM.

(2) In October 2000, Pumphrey was found guilty by a Superior Court jury of Conspiracy in the Second Degree, among other charges. He was sentenced on the conspiracy conviction to 2 years incarceration at Level V, to be suspended for 2 years at Level III probation. In July 2001, Pumphrey was found to have committed a violation of probation ("VOP"). His probation was revoked and he was sentenced on the conspiracy conviction to [*2] 2 years incarceration at Level V, to be suspended after 6 months for 12 months at Level III. In November 2002, Pumphrey again was found to have committed a VOP. His probation again was revoked and he was sentenced on the conspiracy conviction to 17 months incarceration at Level V.

(3) In this appeal, Pumphrey claims that this latter VOP sentence is illegal. Specifically, he argues that, because he was required to serve only 12 months of probation under his July 2001 VOP sentence, he should have been required to serve no more than 12 months at Level V under his November 2002 VOP sentence.

(4) Delaware law provides that, if a VOP is established, the Superior Court may "require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." [1]

> 1    Del. Code Ann. tit. 11, § 4334(c) (2001); *Gamble v. State*, 728 A.2d 1171, 1172 (Del. 1999).

(5) [*3] In this case, Pumphrey's original 2-year Level V sentence on his conspiracy conviction was suspended for 2 years at Level III. His sentence following his first VOP was 2 years at Level V, to be suspended after 6 months for probation. Following Pumphrey's second VOP, the Superior Court was authorized to impose the entire Level V term that previously had been suspended  that is, 18 months. As such, the Superior Court's sentence of 17 months incarceration at Level V for Pumphrey's second VOP was less than the maximum punishment allowed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Myron T. Steele

878 A.2d 461; 2005 Del. LEXIS 255, *

Chief Justice

LEXSEE 2007 DEL. LEXIS 459

**ELTON L. PUMPHREY, Defendant Below-Appellant, v. STATE OF DELAWARE, Plaintiff Below-Appellee.**

**No. 580, 2006**

**SUPREME COURT OF DELAWARE**

**937 A.2d 140; 2007 Del. LEXIS 459**

**August 10, 2007, Submitted
October 23, 2007, Decided**

**NOTICE:**    PUBLISHED IN TABLE FORMAT IN THE ATLANTIC REPORTER.

**PRIOR HISTORY:** [*1]
   Court Below--Superior Court of the State of Delaware, in and for Sussex County. Cr. ID 0002014519.
State v. Pumphrey, 2006 Del. Super. LEXIS 418 (Del. Super. Ct., Oct. 17, 2006)

**JUDGES:** Before HOLLAND, BERGER, and JACOBS, Justices.

**OPINION BY:** Carolyn Berger

**OPINION**

**ORDER**

   This 23rd day of October 2007, after careful consideration of the parties' briefs and record on appeal, we find it manifest that the judgment below should be affirmed on the basis of the Superior Court's well-reasoned decision dated October 17, 2006. The Superior Court did not err in concluding that appellant lacked standing to pursue a motion for postconviction relief because appellant had completed his sentence and thus was no longer "in custody or subject to future custody" under the sentence for which postconviction relief was sought. [1] Moreover, given his lengthy criminal record, Pumphrey could not establish that he would suffer any collateral consequences as a result of the convictions he sought to challenge in his motion. [2] Accordingly, his motion for postconviction relief was moot.

>   1   *See* Del. Super. Ct. Crim. R. 61(a)(1), which provides that a motion for postconviction relief may only be brought by "a person in custody or subject to future custody under a sentence" of the Superior Court.
>   2   *Gural v. State,* 251 A.2d 344, 344-45 (Del. 1969).

   NOW, [*2] THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

   BY THE COURT:

   /s/ Carolyn Berger

   Justice

LEXSEE 2001 U.S. DIST. LEXIS 19969

**KEVIN A. THOMAS, Petitioner, v. ROBERT W. SNYDER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, Respondents.**

**Civil Action No. 98-597-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2001 U.S. Dist. LEXIS 19969**

**November 28, 2001, Decided**

**DISPOSITION:**   [*1] Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 DISMISSED, and relief requested therein DENIED. Thomas' letter dated April 16, 2000, requesting appointment of counsel, construed as a motion for appointment of counsel, and so construed, DENIED as moot.

**COUNSEL:** KEVIN A. THOMAS, petitioner, Pro se, Smyrna, DE.

For ROBERT W. SNYDER, ATTORNEY GENERAL OF THE STATE OF DELAWARE, respondents: Thomas E. Brown, Department of Justice, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory M. Sleet

**OPINION**

**MEMORANDUM AND ORDER**

Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

**I. BACKGROUND**

On June 28, 1993, following [*2] a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly

weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed [*3] with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528, 17 S. Ct. 154 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present. The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas

Case 1:08-cv-00297-GMS    Document 21    Filed 09/02/2008    Page 13 of 21

Page 2
2001 U.S. Dist. LEXIS 19969, *

filed it. Thus, they request that the court dismiss the petition as time barred.

## II. DISCUSSION

### A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute [*4] by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia*, 247 F.3d 539, 541 (3d Cir. 2001). Effective April 24, 1996, the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He [*5] was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A).

*See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns*, 134 F.3d at 111.

Ascertaining the precise date [*6] Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. [*7] *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

### B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw

Case 1:08-cv-00297-GMS    Document 21    Filed 09/02/2008    Page 14 of 21

Page 3
2001 U.S. Dist. LEXIS 19969, *

the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation. [1]

> 1  The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 420 (3d Cir. 2000).

[*8] Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation. [2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period. [3]

> 2  Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "any ground for relief that was not asserted in a prior postconviction proceeding . . . is thereafter barred." Super. Ct. R. Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.*, Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

[*9]

> 3  Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. As explained above, on direct review that ninety-day period is excluded from the one-year period of limitation. *See Kapral*, 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme

Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes*, 247 F.3d at 543.

Nevertheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through [*10] August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

### C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Jones*, 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). The doctrine of equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she [*11] exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller*, 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones*, 195 F.3d at 159, *quoting United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, [*12] *see* Super. Ct. R. Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the [*13] court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

### D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly, Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

### III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional [*14] right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability [*15] will not issue.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

> 1. Thomas' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

> 2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.

> 3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated: November 28, 2001

Gregory M. Sleet

2001 U.S. Dist. LEXIS 19969, *

UNITED STATES DISTRICT JUDGE

LEXSEE 2007 U.S. DIST. LEXIS 68877

**DEVEARL L. BACON, Petitioner, v. THOMAS CARROLL, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, Respondents. [1]**

> 1 Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case. See Fed. R. Civ. P. 25(d)(1).

**Civil Action No. 06-519-JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2007 U.S. Dist. LEXIS 68877**

**September 17, 2007, Decided**

**PRIOR HISTORY:** Bacon v. Delaware, 127 S. Ct. 591, 166 L. Ed. 2d 439, 2006 U.S. LEXIS 8706 (U.S., 2006)

**COUNSEL:** [*1] Devearl L. Bacon. Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

**JUDGES:** Joseph J. Farnan, Jr., UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Joseph J. Farnan, Jr.

**OPINION**

*MEMORANDUM OPINION*

> *September 17, 2007*

> *Wilmington, Delaware*

**Farnan, District Judge**

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Devearl L. Bacon ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was indicted for numerous crimes stemming from three robberies (one seven-eleven store, a liquor store, and an automobile) and one attempted robbery of a liquor store. The State *nolle prossed* the charges related to one of the robberies. After a three day trial in June 2001, a Delaware Superior Court jury returned guilty verdicts on the charges related to the two remaining robberies, and verdicts of not guilty on the charges related to the attempted robbery. Petitioner was convicted of fourteen offenses, [*2] including five counts of first degree robbery, two counts of possession of a firearm during the commission of a felony, one count of first degree carjacking, two counts of possession of a deadly weapon by a person prohibited, two counts of aggravated menacing, and two counts of wearing a disguise during the commission of a felony. *See State v. Bacon,* 2005 Del. Super. LEXIS 343, 2005 WL 2303810, at *1 (Del. Super. Ct. Aug. 29, 2005). The Superior Court sentenced Petitioner to thirty-four years of imprisonment followed by twelve years of probation. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. *Bacon v. State,* 801 A.2d 10, 2002 WL 1472287 (Del. July 1, 2002).

In September 2004, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging six claims of ineffective assistance of counsel. The Superior Court denied the motion in August 2005, and the Delaware Supreme Court affirmed that decision in June 2006. *Bacon,* 2005 Del. Super. LEXIS 343, 2005 WL 2303810; *Bacon v. State,* 2006 Del. LEXIS 334, 2006 WL 1725589 (Del. June 21, 2006).

In August 2006, Petitioner filed an application for federal habeas relief asserting six grounds for relief: (1) the trial court [*3] erred by permitting the joinder of three counts of possession of a deadly weapon by a person prohibited, and defense counsel was ineffective for failing to move for severance, to object to the joinder at

trial, or to raise the issue on direct appeal; (2) the trial court erred by allowing charges relating to four separate locations to be tried together, and defense counsel was ineffective for failing to move for severance of the charges, to object to the joinder at trial, or to raise the issue on direct appeal; (3) defense counsel provided ineffective assistance by failing to object to the admission of prior bad acts evidence; (4) the in-court identification of Petitioner by one of the liquor store clerks violated Petitioner's right to a fair trial because there was no independent origin for the identification, and defense counsel was ineffective for failing to raise the issue on direct appeal; (5) counsel provided ineffective assistance by failing to object to an amendment to the indictment before trial; and (6) the prosecutor failed to disclose the videotape of Petitioner's statement to the police, and defense counsel failed to raise this issue at trial on or on direct appeal. (D.I. [*4] 3.) Respondents filed an Answer asserting that the Court should dismiss the Petition as untimely or, alternatively, because the claims fail to warrant relief under § 2254(d)(1). (D.I. 17.) Petitioner filed a Reply to the Answer, arguing that the Petition is not time-barred because he believed the Superior Court stayed the federal one-year limitations period in February 2003. (D.I. 25.)

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy,* 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from [*5] filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Su-

preme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The Petition is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh,* 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In the instant case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on July 1, 2002, and Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on September 30, 2002, [2] and he had until September 30, 2003 to file a timely habeas petition. *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir. 1999); [*6] *Wilson v. Beard,* 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, did not file the Petition until August 16, 2006, [3] approximately three years after the AEDPA's statute of limitations expired in 2003. Thus, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

> 2 The ninety-day period to file a petition for a writ of certiorari actually expired on September 29, 2002, but because that day was a Sunday, Petitioner had until Monday, September 30, 2002, to file a petition for a writ of certiorari. *See* Sup. Ct. R. 30(1).
>
> 3 A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, August 16, 2006, as the filing date, [*7] because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney,* 215 F. Supp. 2d 458, 460 (D. Del. 2002).

Case 1:08-cv-00297-GMS    Document 21    Filed 09/02/2008    Page 19 of 21

Page 3
2007 U.S. Dist. LEXIS 68877, *

## B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In this case, the Court concludes that the statutory tolling principles are inapplicable. Petitioner's Rule 61 motion, filed on September 17, 2004, does not toll the limitations period because it was filed more than a year after the expiration of AEDPA's limitations period. *See Price v. Taylor,* 2002 U.S. Dist. LEXIS 17911, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Additionally, contrary to Petitioner's argument, the combined motion for transcripts and for [*8] a stay of the AEDPA's one-year limitations period that he filed in the Superior Court on February 23, 2003 does not toll the limitations period under § 2244(d)(2) because the motion did not challenge the lawfulness of Petitioner's conviction or sentence. *Hartmann v. Carroll,* 492 F.3d 478, 2007 WL 1967172, (3d Cir. 2007). Therefore, unless the doctrine of equitable tolling applies, the Petition is time-barred.

## C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. New Jersey Dept. of Corrs.,* 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner,* 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following [*9] circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;

> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *see also Brinson v. Vaughn,* 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

In this case, Petitioner appears to argue that trial counsel impeded his ability to obtain trial transcripts, which, in turn, prevented him from filing the Petition in a timely manner. Alternatively, Petitioner contends that the Superior Court stayed the AEDPA's one-year limitations period, and therefore, this Court should honor that stay and equitably toll the limitations period. (D.I. 3, Appendix A.) For the following reasons, the Court concludes that neither of these arguments warrant equitable tolling.

The Third Circuit has held that an attorney's ineffective assistance may warrant equitable tolling, but only if the attorney's conduct is sufficiently egregious and the petitioner exercised reasonable diligence in pursuing his claims. [*10] *See Schlueter,* 384 F.3d at 77. Here, Petitioner's conclusory and unsupported statement regarding counsel's alleged failure to help him obtain the trial transcripts does not appear to constitute the type of "egregious behavior" or malfeasance necessary to trigger equitable tolling. Nevertheless, regardless of counsel's actions, the Superior Court provided Petitioner with copies of the trial transcripts in March 2003, when there were approximately 6 months remaining in the AEDPA's limitations period. (D.I. 3, Del. Super. Ct. Crim, Dkt. at Item 46; D.I. 3, at 13.) That six month period gave Petitioner sufficient time to file a Rule 61 motion in the Superior Court which, in turn, would have statutorily tolled the AEDPA's limitations period under § 2244(d)(2). Petitioner, however, did not file his Rule 61 motion until September 2004, more than one year after he received the trial transcripts, and he does not assert any reason for that delay. Therefore, the Court concludes that the delay in receiving trial transcripts, even if somehow due to counsel's performance, does not trigger the equitable tolling doctrine because Petitioner did not exercise the requisite diligence in preserving his [*11] claims.

Additionally, Petitioner argues that the limitations should be equitably tolled because he believed the Superior Court granted his "Motion To Stay The One-Year Deadline Imposed By The Federal Habeas Corpus Act." (D.I. 25, at pp. 1-2, 5.) However, the Delaware Superior Court did not have jurisdiction to grant a motion to stay a federal limitations period governing a federal cause of

Case 1:08-cv-00297-GMS    Document 21    Filed 09/02/2008    Page 20 of 21

Page 4
2007 U.S. Dist. LEXIS 68877, *

action, and Petitioner's mistaken belief with respect to the Superior Court's authority does not warrant equitable tolling. *See* Del. Const. art. 4, §7 (jurisdiction of Superior Court); *LaCava v. Kyler,* 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder,* 2002 U.S. Dist. LEXIS 9204, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Moreover, the Superior Court clearly construed Petitioner's motion for a stay as an extension of time to file a Rule 61 motion, and denied that request. There is no indication [*12] that any court or party actively misled Petitioner with incorrect information regarding the proper forum for filing a motion for a stay, and this situation is not akin to one where the petitioner "timely asserted his rights in the wrong forum." [4] Thus, the Court concludes that Petitioner's specious argument fails to warrant equitable tolling. Accordingly, the Court will dismiss the Petition as time-barred.

> 4 In February 2003, Petitioner had not yet filed a federal habeas petition, and he also had not yet exhausted state remedies. Therefore, even if Petitioner had filed a motion to stay the limitations period in this Court in February 2003, the request to stay the limitations period would have been premature.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or [*13] wrong." 28 U.S.C. § 2253(c)[2]; *Slack v. McDan-*

*iel,* 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.

## *ORDER*

At Wilmington, this 17 day of September, 2007, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. Petitioner Devearl L. Bacon's Application For A Writ Of Habeas Corpus [*14] Pursuant To 28 U.S.C. § 2254 (D.I. 2.) is *DISMISSED,* and the relief requested therein is *DENIED.*

2. The Court declines to issue a certificate of appealability, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Joseph J. Farnan, Jr.

UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2008, I electronically filed the attached

documents with the Clerk of Court using CM/ECF. I also hereby certify that on

September 2, 2008, I have mailed by United States Postal Service, the same documents to

the following non-registered participant:

> Elton Pumphrey
> No. 185250
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE 19977

> /s/Kevin M. Carroll
> Deputy Attorney General
> Department of Justice
> 820 N. French Street
> Wilmington, DE 19801
> (302) 577-8500
> Del. Bar. ID No. 4836
> Kevin.Carroll@state.de.us

Date:  September 2, 2008