# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ELTON LEROY PUMPHREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-297-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

———————————————

Elton Leroy Pumphrey. *Pro se* petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

———————————————

## MEMORANDUM OPINION

*December 7*, 2009
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Elton Leroy Pumphrey ("Pumphrey"). (D.I. 2.) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2000, a Superior Court jury convicted Pumphrey of felony theft, second degree conspiracy, and failure to submit to photographs and fingerprinting. The Superior Court sentenced Pumphrey to two years incarceration at Level V for the conspiracy conviction, to be suspended for two years at Level III probation. In total, Pumphrey was sentenced to five years of incarceration, suspended after six months imprisonment for a total of four and one-half years probation. The Delaware Supreme Court affirmed Pumphrey's convictions and sentences on January 9, 2002. *See Pumphrey v. State*, 788 A.2d 528 (Table), 2002 WL 63159 (Del. Jan. 9, 2002).

In July 2001, the Superior Court revoked Pumphrey's probation after finding that he had violated the terms of his probation ("VOP"), and sentenced him on the conspiracy conviction to two years at Level V incarceration, to be suspended after six months for twelve months at Level III. In total, Pumphrey was sentenced to twenty-nine months imprisonment, plus an additional seventeen months imprisonment for violating probation in connection with a 1999 conviction. *See Pumphrey v. State*, 878 A.2d 461 (Table), 2005 WL 1653753 & 2005 WL 1185719 (State's Ans. Br.)(Del. July 11, 2005); (D.I. 23, State's Ans. Br. in *Pumphrey v. State*, No.580,2006, at p.3). Thereafter, in November 2002, the Superior Court found Pumphrey in violation of his

1

probation again, and sentenced him on the conspiracy conviction to seventeen months incarceration at Level V. In total, Pumphrey was sentenced to four years of incarceration at Level V for his November 2002 VOP violation, with no probation to follow. *See State v. Pumphrey*, 2006 WL 2993473 (Del. Super. Ct. Oct. 17, 2006). Pumphrey filed a motion for reduction of sentence on December 2, 2002, which the Superior Court denied on December 4, 2002. (D.I. 24, App. to State's Ans. Br. in *Pumphrey v. State*, No.580,2006, Del. Super. Ct. Dkt., Entries 63-4.) On December 9, 2002, Pumphrey appealed his second VOP, but he voluntarily dismissed that appeal on June 14, 2003. *Pumphrey v. State*, 2005 WL 1185719, State's Ans. Br.

Between May 30, 2003 and September 10, 2003, Pumphrey filed three motions for reduction/modification of sentence/probation, which the Superior Court denied. (D.I. 24, App. to State's Ans. Br. in *Pumphrey v. State*, No.580,2006, Del. Super. Ct. Dkt., Entries 76-82.) On August 24, 2004, Pumphrey filed a motion to correct an illegal sentence pursuant to Criminal Rule 35(a). The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on July 11, 2005. *Pumphrey*, 2005 WL 1185719.

On July 25, 2005, Pumphrey filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion on October 17, 2006 after determining that Pumphrey had completed his sentence as of April 14, 2006, and therefore, he was no longer in custody under the particular conviction or sentence challenged in the motion. *State v. Pumphrey*, 2006 WL 2993473. Pumphrey appealed, and the Delaware Supreme Court affirmed the Superior Court's denial of his Rule 61 motion on November 26, 2007. *Pumphrey v. State*, 937 A.2d 140 (Table), 2007 WL 3087405 (Del. Oct. 23,

2

2007).

Pumphrey filed his federal habeas petition in May 2008, asserting four claims for relief: (1) he was denied his Sixth Amendment right to confront accusatory witnesses; (2) his conviction for conspiracy is invalid because he was acquitted of first degree robbery; (3) the trial judge responded improperly to a jury question; (4) defense counsel provided ineffective assistance. (D.I. 3.) The State filed an answer, arguing that the petition should be dismissed as time-barred. (D.I. 21.) Alternatively, the State contends that the claims do not warrant relief under § 2254(d)(1). As explained below, the court will deny Pumphrey's habeas petition as time-barred.

## II. DISCUSSION

### A. Custody

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this statutory language as requiring the petitioner to be in custody pursuant to the conviction or sentence actually challenged in the petition. *Carafas v. LaVallee*, 391 U.S. 234 (1968).

Here, Pumphrey directly challenges the legality of his 2000 conviction and sentence, yet it appears that he was not incarcerated under the 2000 conviction when he filed the instant petition in May 2008. Rather, as explained by the Delaware Superior Court when it dismissed his Rule

3

61 motion, Pumphrey was released from the custody imposed as a result of his second VOP

relating to the 2000 conviction on April 14, 2006; his current incarceration appears to be for a

conviction on unrelated charges imposed in July 22, 2006. *State v. Pumphrey*, 2006 WL

2993473 (Del. Super. Ct. Oct. 17, 2006).

Given Pumphrey's complete failure to mention a conviction and sentence stemming from

the July 2006 charges, the court does not construe the petition as challenging any conviction

other than the one imposed in 2000. The court also notes that it cannot determine if any

conviction and sentence imposed in 2006 or thereafter should be characterized as a collateral

result of Pumphrey's 2000 conviction, because the State has not apprised the court of any

conviction and sentence imposed after the expiration of Pumphrey's 2000 sentence. Based on

the information provided, it appears that Pumphrey cannot seek habeas relief for the 2000

conviction directly challenged in this proceeding because the 2000 sentence was completely

expired by the time he filed the instant petition. *Maleng v. Cook*, 490 U.S. 488, 492

(1989)(holding that a petitioner can challenge his expired conviction and sentence in the context

of a habeas petition filed while serving another sentence where the current sentence is the

collateral result of the expired sentence); *Lackawanna County Dist. Atty. v. Coss*, 532 U.S. 394

(2001); 39 Am. Jur. 2d *Habeas Corpus* § 18 (2009); *see also Venson v.Killina*, 2009 WL

1228444 (W.D. Pa. May 5, 2009). Nevertheless, given the lack of information regarding the

sentence under which Pumphrey is presently incarcerated, the court will exercise caution and

deny the petition as time-barred rather than on the basis that Pumphrey has failed to satisfy the

"custody" requirement.

### B. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pumphrey's petition, dated May 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Pumphrey does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Pumphrey's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Pumphrey's conviction and sentence on January 9, 2002, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Pumphrey's conviction became final for the purposes of §

2244(d)(1) on April 9, 2002. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999).

Accordingly, to comply with the one-year limitations period, Pumphrey had to file his § 2254

petition by April 9, 2003. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal

Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

    Pumphrey did not file his habeas petition until May 18, 2008,[1] five years after AEDPA's

statute of limitations expired.   Thus, the petition is time-barred, unless the limitations period can

be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).  The

court will discuss each doctrine in turn.

### 1.  <u>Statutory Tolling</u>

    Pursuant to § 2244(d)(2) of the AEDPA, a properly filed application for state collateral

review tolls AEDPA's limitations period during the time the application is pending in the state

courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir.

2000).   "An application is properly filed when its delivery and acceptance are in compliance

with the [State's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8

(2000).

    Pumphrey's motion for reduction of sentence, filed in the Superior Court on December 2,

2002, and denied by that court on December 4, 2002, does not toll the limitations period because

---

[1] A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  The court adopts the date on the petition, May 18, 2008, as the filing date, because presumably, Pumphrey could not have presented the petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

it was filed pursuant to Delaware Superior Court Criminal Rule 35(b).[2]  *See Hartmann v.*
*Carroll*, 492 F.3d 478, 484 (3d Cir. 2007)(a Rule 35(b) motion seeking leniency does not trigger
the statutory tolling provision of § 2244(d)(2), whereas a Rule 35(a) motion challenging the
lawfulness of the petitioner's sentencing may trigger statutory tolling) ; *Pumphrey*, 2005 WL
1185719, State's Ans. Br. at *3.  Pumphrey's three motions for reduction/modification of
sentence, filed on May 30, 2003, July 7, 2003, and September 8, 2003, do not toll the limitations
period because they were filed after the expiration of AEDPA's limitations period.  Additionally,
these motions do not trigger statutory tolling because they were filed pursuant to Rule 35(b)
rather than Rule 35(a).

And finally, Pumphrey's Rule 35(a) motion for correction of illegal sentence, filed in
August 2004, and his Rule 61 motion, filed in July 2005, do not have any statutory tolling effect
because they were filed after the expiration of AEDPA's limitations period.  Accordingly, the
petition is time-barred unless equitable tolling is available.

### 2. Equitable Tolling

AEDPA's limitations period may also be tolled for equitable reasons if a petitioner's case
is "the rare situation where equitable tolling is demanded by sound legal principles as well as the
interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  In order to trigger
equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in
investigating and bringing [the] claims" and that he was prevented from asserting his rights in
some extraordinary way; mere excusable neglect is insufficient. *Miller v. N.J. Dept. Corrs.*, 145

---

[2]Even if this motion for modification of sentence could be characterized as filed under
Rule 35(a), the extra thirty-three days of tolling (three days of pendency plus the thirty-day post-
conviction appellate period) would not render the petition timely filed.

F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004).

Consistent with these principles, the Third Circuit has specifically limited equitable tolling of

AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
> or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable

tolling is appropriate where the court misleads petitioner about steps necessary to preserve

habeas claim).

Here, Pumphrey does not assert, and the court cannot discern, that any extraordinary

circumstances prevented him from timely filing the instant petition. To the extent Pumphrey

erred in his computation of AEDPA's one-year filing period, that mistake does not warrant

equitably tolling the limitations period. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir.

2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes

have not been found to rise to the extraordinary circumstances required for equitable

tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May

14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary

circumstance for equitable tolling purposes). Accordingly, equitable tolling is not warranted, and

the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also

decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2(2008). A

certificate of appealability is appropriate when a petitioner makes a "substantial showing of the

8

denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Pumphrey's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Pumphrey's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.)

An appropriate order will be entered.

9

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ELTON LEROY PUMPHREY,     )
                                 )
          Petitioner,     )
v.                           )     Civil Action No. 08-297-GMS
                                 )
PERRY PHELPS, Warden, and     )
JOSEPH R. BIDEN, III,     )
Attorney General of the State     )
of Delaware,     )
                               )
          Respondents.     )

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Elton Leroy Pumphrey's petition for the writ of habeas corpus, filed pursuant to 28

U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED.  (D.I. 2.)

2. The court declines to issue a certificate of appealability because Pumphrey has failed

to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Dec 7      , 2009

CHIEF, UNITED STATES DISTRICT JUDGE